# OHIO COURT OF APPEALS--Continued

## No. 538

### KNIGHT v. STATE

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4622. Decided June 18, 1923

This opinion has not been published except in Abstract.

CRIMES—(1) Verdict contrary to weight of evidence.

VICKERY, P. J.:

Epitomized Opinion

Knight was indicted for burglarizing an inhabited dwelling house. The evidence was purely circumstantial. The policeman caught the number of the car in which the burglars rode away and later discovered that it belonged to Knight. Upon examination of the car they found the jewelry contained therein. Knight introduced evidence tending to show that he had loaned the car to some friends for the purpose of transporting liquor and that he and his wife were at a theatre when the burglary was committed. The jury returned a verdict of guilty and Knight was sentenced to a term of 10 years in the penitentiary. Error was then prosecuted to the Court of Appeals. In reversing the judgment of the lower court, the Court of Appeals held:

1. That the evidence introduced was not sufficient to prove the guilt of Knight beyond a reasonable doubt.

Attorneys—G. W. Spooner and H. J. Katz, for Knight; E. C. Stanton, for State.

## No. 539

### McQUAID v. SHALE et al, County Com.

Ohio Appeals, Seventh District, Mahoning County
Decided March 8, 1923

This opinion has not been published except in Abstract

CHILDREN ON HIGHWAY—Duty owed to a child playing on the highway is at least equal to duty owed a traveller on the highway.

ROBERTS, J.:

Epitomized Opinion

Plaintiff, in riding down a highway on a hand sled, was injured when the sled went over an abutment extending from a bridge. The Mahoning Common Pleas directed a verdict for defendant on the ground that the playing of the boy upon the highway constituted a nuisance and he was therefore not entitled to protection. Plaintiff contended defendants were guilty of actionable negligence in not providing a guard rail at the approach to the bridge as required by statute. The Court of Appeals in discussing the question of whether, under the above statute, there is a duty to safeguard such places for the protection of children playing on the highway held:

1. The statute requiring protection against injury on the highway does not specify that it shall be for the benefit of travellers alone, and therefore children playing on the highway are entitled to the same protection as the travellers.

2. It is repugnant to a sense of justice that men should enact legislation for their particular protection and exclude from its benefits protection to little children.

3. The necessity for a guard rail for the protection of this boy was a question of fact for the jury. Judgment reversed.

Attorneys—Knealy, Metcalf & Cannon, for McQuaid; H. H. Hull, Pros., for Shale et al.

## No. 540

### GUSTAFSON v. CLEVELAND (City)

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4732. Decided May 14, 1923

This opinion has not been published except in Abstract

TRAFFIC VIOLATIONS—(1) Circumstances showing insufficient evidence to warrant a conviction— (2) Admissibility of evidence showing condition of street at the time of alleged violations.

VICKERY, J.:

Epitomized Opinion

Gustafson was arrested for violating the speed laws of the City of Cleveland. The evidence disclosed that the accused was a lawyer, that he had driven a car for a great number of years and had never before violated any city ordinance. The testimony of a policeman was introduced to the effect that he was standing midway between two posts each 150 feet from him, that he stopped his watch when the driver passed the first post and when he reached the second post the policeman observed that it had been seven seconds, and at that rate he would have been going 29 miles an hour. The court excluded the evidence offered by the accused tending to show the condition of the highway and the amount of traffic at this point. The accused was fined $10 in the Municipal Court of Appeals. The defendant's contentions were: (1) that there was not sufficient evidence to warrant a conviction, (2) the court erred in refusing to permit certain evidence. Held:

1. To establish the doctrine that a police officer by looking down the street to on-coming automobiles can tell the instant that an automobile passes a given post and the instant it passes a post in the other side of the trap is establishing a dangerous precedent and such evidence is insufficient in law to warrant a conviction.

2. Inasmuch as the driving an automobile faster than the maximum allowed in the statute or ordinance establishes only a prima facie case, the court erred in refusing to allow the accused to introduce evidence showing the condition and width of the street, and the amount of traffic at the place the alleged offense was claimed to have been committed.

Attorneys—A. P. Gustafson, for plaintiff in error, Lee E. Skeel, for the City of Cleveland.